IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

S.M.,

      Plaintiff,

v.                                         16cv823 SCY/WPL

BLOOMFIELD SCHOOL DISTRICT, a municipal
corporation, BENJAMIN GRIFFITH, in his
individual capacity, PRINCIPAL CHAD BURKHOLDER,
in his official capacity, former PRINCIPAL CODY DIEHL,
in his official capacity, and SUPERINTENDENT JOE RASOR,
in his official capacity,

      Defendants.

**ORDER STAYING DISCOVERY**

Plaintiff S.M. brought multiple claims against the Defendants alleging, among other things, a violation of her Fourteenth Amendment Right to Bodily Integrity under 42 U.S.C. § 1983 arising from an incident on October 15, 2014, where Defendant Benjamin Griffith, who was a teacher at Bloomfield High School, in Bloomfield, New Mexico, repeatedly groped her in a school computer lab. (*See* Doc. 1-7.) Griffith later pleaded guilty to Criminal Sexual Contact of a Minor in the Fourth Degree. (*See id.* at 22.)

Defendants Chad Burkholder, Cody Diehl, and Joe Rasor (collectively "Individual School Defendants") filed a Motion to Dismiss Based on Qualified Immunity (Doc. 15) and a Motion to Stay Based on Qualified Immunity (Doc. 16). S.M. responded to the Motion to Stay (Doc. 22), and the Individual School Defendants filed a reply (Doc. 29).

All defendants are ordinarily entitled to a stay of discovery when one defendant files a dispositive motion asserting qualified immunity. *See Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992) ("Discovery should not be allowed until the court resolves the threshold question whether the law was clearly established at the time the allegedly unlawful action occurred") (citing *Siegert v. Gilley*, 500 U.S. 226, 231 (1991)); *see also Herrera v. Santa Fe Pub. Schs.*, No. CIV 11-0422 JB/KBM, 2012 WL 6846393, at *10 (D.N.M. Dec. 20, 2012) (unpublished) (stating, in case where one of nine defendants asserted qualified immunity, that "the law is well established that discovery should be stayed until the Court decides the qualified immunity issue," and staying discovery as to all defendants).

S.M. argues that discovery should continue as to the defendants that are not entitled to qualified immunity (*see* Doc. 22 at 1) and cites as case support an order partially lifting the stay of discovery in *Montoya v. Espanola Public School District Board of Education*, No. CIV 10-651 WPJ/LFG, Doc. 76 (D.N.M. Mar. 1, 2011).

*Montoya*, however, is distinguishable because it addressed whether a stay was appropriate where the plaintiffs sought both damages and injunctive relief. (*See id.* at 1 ("The Court heard oral argument on the issue of whether a stay based on qualified immunity applies to claims for injunctive relief. The Court decides that it does not, as long as discovery that is allowed is narrowly tailored for discovery on those claims.").) Here, S.M. seeks only damages, so the ruling in *Montoya* that permitted discovery on injunctive relief claims is inapplicable.

S.M. also argues that "[t]o stay discovery . . . would serve to prejudice the Plaintiff and unjustly delay this case." (Doc. 22 at 2.) She cites three orders from three cases in this District where discovery was permitted to continue despite a motion to stay: *Volt Asset Holdings Tr. XVI*

*v. Martinez, et al.*, No. CIV 13-508 KG/KK, Doc. 87 (D.N.M. May 22, 2014), *Yazzie v. Law Offices of Ferrell & Seldin, et al.*, No. CIV 10-292 BB/LFG, Doc. 48 (D.N.M. Sept. 15, 2010), and *Muller v. Vilsack, et al.*, No. CIV 13-431 MCA/KK, Doc. 194 (D.N.M. Nov. 20, 2015). All three cases are also distinguishable. The first two cases, *Volt* and *Yazzie*, did not involve government actors, so no defendant could raise the defense of qualified immunity and benefit from a stay. The third case, *Muller*, involved an assertion of qualified immunity, but the Court found the assertion illegitimate. *See Muller*, No. CIV 13-431 MCA/KK, Doc. 194 at 3-4 ("According to the State Defendants, they are entitled to 'qualified immunity' because the New Mexico Tort Claims Act . . . provides them with sovereign immunity from Plaintiff's claims under the New Mexico Human Rights Act . . . . However, the State Defendants fail to cite any authority to support this creative proposition, and the Court is unconvinced by it.") Here, unlike *Muller*, the Individual School Defendants asserted a bona fide qualified immunity defense that triggers a stay.

S.M. also argues that the order in *Muller* supports the argument that she should be "allowed to take Defendant Griffith's deposition to identify other victims who are entitled to be included in this litigation." (Doc. 22 at 3.) The order in *Muller*, however, does not discuss this proposition (*see Muller*, No. CIV 13-431 MCA/KK, Doc. 194), and S.M. does not argue that the additional victims—assuming they exist, come forward, and choose to file suit against Griffith—would be barred from asserting their claims.

Accordingly, the Individual School Defendants' Motion to Stay Based on Qualified Immunity (Doc. 16) is granted. Discovery in this case shall be stayed, as to all defendants,

3

pending resolution of the Individual School Defendants' Motion to Dismiss Based on Qualified Immunity (Doc. 15) or until further order of the Court.

    IT IS SO ORDERED.

                                                                    _____
                                                                    William P. Lynch
                                                                    United States Magistrate Judge