IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

S.M.,

    Plaintiff,

v.                                                                                          Civ. No. 16-00823 SCY/WPL

BLOOMFIELD SCHOOL DIST.,
BENJAMIN GRIFFITH, CHAD BURKHOLDER,
CODY DIEHL, JOE RASOR,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Chad Burkholder, Cody Diehl, and Joe Rasor (hereinafter "Defendants")[1] seek dismissal of the claims against them for the reasons set forth in Defendants' Motion to Dismiss for Failure to State a Claim on the Basis of Qualified Immunity. ECF No. 15. Specifically, they argue that they are entitled to qualified immunity in regard to two of Plaintiff's claims against them. Having reviewed the parties' briefing, the relevant law, and being otherwise fully advised, the Court DENIES Defendants' Motion for the reasons set forth below.

**I.     BACKGROUND**

Because the parties are familiar with the facts and history of this case, the following will only recount the facts pertinent to the instant motion. Plaintiff's lawsuit arises out of allegations that Defendant Benjamin Griffith, her former teacher at Bloomfield High School, groped her. ECF No. 8 at 19-22. Specifically, Plaintiff alleges that Defendant Griffith repeatedly placed his hand down Plaintiff's shirt, attempted to look at her bra, and fondled her breasts. ECF No. 8 at 19-22. In addition to suing Defendant Bloomfield High School, Plaintiff sued Defendant Griffith

---

[1] The Court will refer to the remaining defendants as Defendant Griffith and Defendant Bloomfield High School.

1

in his individual capacity, and sued the remaining Defendants in their official capacities as administrative personnel in the Bloomfield school system. Defendants Cody Diehl and Chad Burkholder served as principals at Bloomfield High School and Defendant Joe Rasor served as superintendent. ECF No. 8 at 1.

Broadly stated, Plaintiff alleges that Defendants were on notice that Defendant Griffith was a foreseeable danger to female students based on alleged previous incidents of misconduct involving Defendant Griffith. ECF No. 8 at 13. Plaintiff's specific allegations are as follows. Before Defendant Griffith was employed at Bloomfield High School, he assaulted, both physically and sexually, two other female students. ECF No. 8 at 6-12. Defendants failed to adequately conduct a background check which, if done properly, would purportedly have uncovered these incidents. While Defendant Griffith was employed at Bloomfield High School, he physically assaulted two female students prior to assaulting Plaintiff. ECF No. 8 at 13-14. On one occasion, Defendant Griffith grabbed a female student by the collar, pushed her back, and told her that he was "not afraid to slap [her]." ECF No. 8 at 13. On another occasion, Defendant Griffith pressed his hands down firmly on a female student's shoulders in order to force her to stop talking in class. ECF No. 8 at 14. Defendant Diehl wrote Defendant Griffith up for the first incident and placed him on paid administrative leave. ECF No. 8 at 12-13. Following the second incident, Defendant Diehl issued Defendant Griffith another written reprimand and again placed him on administrative leave. ECF No. 8 at 14. Further, following the second incident, Defendant Diehl recommended to Defendant Rasor that Defendant Griffith's contract with the school not be renewed. ECF No. 8 at 15. Defendant Rasor, however, rejected Defendant Diehl's recommendation and retained Defendant Griffith months before Defendant Griffith's assault of Plaintiff. ECF No. 8 at 15.

Based on these allegations, Plaintiff filed seven claims, three of which are against these Defendants and two of which are relevant to the instant Motion. First, in Count IV, Plaintiff claims that Defendants violated her due process right to bodily integrity under the Fourteenth Amendment by failing "to adequately train, delineate proper procedure in response to repeated allegations of inappropriate teacher conduct, and/or ensure that teachers who have been the subject of multiple complaints at multiple schools are not permitted to continue to teach. . .." ECF No. 8 at 28. Plaintiff alleges that these failures constitute a pattern and practice and were the "moving force" in the violation of Plaintiff's right to be secure in her bodily integrity. ECF No. 8 at 28. Second, Plaintiff claims in Count V of her complaint that these patterns and practices permitted Defendant Griffith access to female students, thereby permitting Defendant Griffith the opportunity to assault Plaintiff in violation her right to equal protection under the law. ECF No. 8 at 30.

## II.     ANALYSIS

In their Motion, Defendants argue that the two claims outlined above—Plaintiff's fourth and fifth claims—must be dismissed on the basis of qualified immunity. ECF No. 15 at 1. Defendants first contend that they are entitled to qualified immunity because Plaintiff fails to assert a deprivation of her constitutional rights. ECF No. 15 at 5. Defendants next argue that Plaintiff's allegations regarding incidents that occurred before Defendant Griffith was employed at Bloomfield High School cannot support a factual basis for claims against Defendants. ECF No. 15 at 8. Neither argument justifies the dismissal Defendants seek.

A.     <u>Because Defendants are sued only in their official capacities, they are not entitled to qualified immunity</u>

The problem with Defendants' first contention is that they are only being sued in their official capacity.  "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Thus, "[qualified immunity] is only available to those defendants sued in their personal capacities." *Walker v. Board of Trustees, Regional Transp. Dist.*, 76 F.Supp.2d 1105, 1109 (D. Colo. 1999); *see also Moore v. City of Wynnewood*, 57 F.3d 924, 929 n.4 (10th Cir. 1995) (stating that the defense of qualified immunity only applied to the defendant in his personal, but not official, capacity). Indeed, the main cases Defendants rely on involve lawsuits filed against individuals in their individual capacities.  *Gates v. Unified School Dist. No. 449 of Leavenworth Cty, Kan.,* 996 F.2d 1035, 1042 (10th Cir. 1995) ("As to Simmons . . . [a] claim seeking personal liability in a civil rights suit must be predicated on the defendant actor's personal involvement . . .."); *Jojola v. Chavez*, 55 F.3d 488, 490 (10th Cir. 1995) ("the plaintiff's appeal, challenging only the district court's order dismissing the individual capacity suits against defendants . . .."). Plaintiff explicitly sets out both in the case caption and her allegations that she is suing these Defendants in their official capacities only.  *See* ECF No. 8 at 1; 3-4, ¶¶ 6-8; 27-30, ¶¶ 242, 243, 244, 251, 252, 253.  Accordingly, the Court denies Defendants' motion to dismiss on the basis of qualified immunity.

B. <u>Defendants' second argument, that incidents occurring elsewhere cannot support Plaintiff's claims, fails</u>

Defendants present a one paragraph argument that incidents preceding Defendant Griffith's employment with Bloomfield School District do not provide a basis for a claim against the individual school defendants.  Even assuming that is true, it begs the question of whether these allegations, *in combination with the other allegations in Plaintiff's complaint*, provide a sufficient basis for a claim against them.  For instance, Defendants make no reference to

Plaintiff's allegations that two separate physical assaults occurred at Bloomfield High School. Thus, it is not clear to the Court whether Defendants in this paragraph are seeking relief under Federal Rule of Civil Procedure 12(b)(6) or seeking seek to strike allegations from the Complaint under Federal Rule of Civil Procedure 12(f).  To the extent Defendants seek dismissal under Rule 12(b)(6), the Court presumes Defendants continue to assert qualified immunity as the basis for their relief. After all, they caption their motion "Motion to Dismiss Based on Qualified Immunity."  As explained above, this argument fails because qualified immunity is not available to them in their official capacities. To the extent Defendants in this paragraph seek to strike allegations from the Complaint, the Court finds that these allegations are not "redundant, immaterial, impertinent, or scandalous" such that Fed. R. Civ. P. 12(f) would necessitate granting a motion to strike.

Further, the Court notes that the lawsuit against Defendants in their official capacities is really just a lawsuit against Defendant Bloomfield School District.  *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.").  The entity, Defendant Bloomfield School District, has been not joined in Defendants' motion. Thus, even if Defendants' argument were not based on qualified immunity, the Court would decline to consider it without the joinder of Defendant Bloomfield School District.

## III.     CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendants' Motion to Dismiss on the Basis of Qualified Immunity. ECF No. 15.

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE